IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA                                                                PLAINTIFF

VS.                                                              CIVIL ACTION NO. 1:03cv548WJG-JMR

MARION TUCKER; CITY OF OCEAN
SPRINGS, MISSISSIPPI; MISSISSIPPI
STATE TAX COMMISSION and
HOUNDS, INC.                                                                              DEFENDANTS

MEMORANDUM OPINION

This cause comes before the Court on the motion of the Plaintiff, United States of America [United States] for summary judgment [20-1] pursuant to Federal Rule of Civil Procedure 56.  Also pending before the Court is the United States' motion for order of sale [27-1].  The Court has duly considered the record in this action and, being fully advised in the premises, concludes as follows.

The United States asserts that Marion Tucker, one of the Defendants in this case, is liable for unpaid federal income and employment taxes.  (Ct. R., Doc. 20, p. 1.)  Tucker previously filed for bankruptcy under Chapter 7 of the Bankruptcy Code and was granted a discharge from her personal liability for federal income tax.  (*Id*.)  Tucker concedes that the federal employment tax liens securing her income tax liability continue to attach to her exempt property, including her personal residence in spite of the bankruptcy discharge.  (*Id*.; Ct. R., Doc. 14, p. 2.)  The United States seeks to foreclose its tax liens against Tucker's residence in order to sell the property and apply the proceeds in satisfaction of Tucker's tax liability.  (*Id*., p. 2.)  The United

States asserts that Tucker is personally liable for the unpaid federal employment tax liability for the fourth quarter of 1988, which was assessed after the bankruptcy case, and seeks a personal judgment against her for the amount of that debt. (*Id*.)

The Internal Revenue Service [IRS] made assessments against Tucker for federal income taxes in the years 1987-90. (*Id*, Exh. A.) The assessment, made in 1991, includes an unpaid balance of $29,966.96 for the tax period ending December 31, 1987; of $36, 319.02 for the tax period ending December 31, 1988; of $54,843.65 for the tax period ending December 31, 1989; and of $57, 331.04 for the tax period ending December 31, 1990. (Compl., Exh. A.) These figures do not include any statutory additions accruing from the dates of assessment. In addition, the United States concedes that any assessment made against Tucker for federal income tax liability for the year 1997 has been satisfied. (*Id*., Exh. C.) The United States Bankruptcy Court held that Tucker's personal federal income tax liability for the period including the years 1987-1990 was not excepted from the discharge granted her under 11 U.S.C. § 727 of the Bankruptcy Code. (*Id*., Exh. B.)

On March 13, 1989, the IRS made an assessment against Tucker for her unpaid employment tax liability for the quarter ending December 21, 1988. (*Id*., Exh. D.) The balance of the employment tax liability as of March 25, 2005, was $2,638.33, which does not include statutory additions accruing from March 25, 2005, until the date of judgment in this case. (*Id*., Exh. E.)

According to the United States, under 26 U.S.C. §§ 6321 and 6322 of the Internal Revenue Code of 1986, liens for unpaid federal taxes, including Tucker's federal income tax liability for the years 1987-1990, inclusive, arose on the dates of assessment in favor of the

United States and attached to all property and rights to property belonging to Tucker, which included her residence located at 309 Jamaica Drive, Ocean Springs, Mississippi in Jackson County, Mississippi. (Summ. J. Mot., p. 4.)  Notices of federal tax lien were filed with the Chancery Clerk of Jackson County, Mississippi. (*Id*., Exhs. G-L.)

The Mississippi State Tax Commission [MSTC] has a lien against Tucker, and admitted that the notice of federal tax income tax liability for the years 1987-1990, inclusive, has priority over its lien. (Ct. R., Doc. 8, MSTC Ans., ¶ 6.)  The MSTC alleges that its tax lien recorded September 2, 1997, securing Tucker's 1990 state tax liability has priority over the notice of federal tax lien for Tucker's 1997 federal income tax liability, which the United States does not dispute.

The property, purchased by Tucker and her husband, Samuel L. Tucker, on or about July 22, 1986, is described as follows:

> Lot 132, MAGNOLIA PARK ESTATES, according to a map of plat thereof on file and of record in the office of the Chancery Clerk of Jackson County, Mississippi, in Plat Book 13 at Page 9.

(Ct. R., Doc. 21, Exh. M.)  Sam Tucker conveyed all interest in the rights to the subject property by Quitclaim deed to Marion Tucker on August 13, 1997, and recorded on August 29, 1997. (*Id*., Exh. N.)

The United States seeks to enforce its federal tax liens against Tucker's residence in partial satisfaction of her 1987-1990, inclusive, federal income tax liability. (Ct. R., Doc. 21, p. 7.)  Although the United States does not seek a judgment against Tucker personally for any balance remaining on the federal income tax liability, if any, after the sale of the residence because she was granted a discharge pursuant to 11 U.S.C. § 727, it seeks a judgment against

Tucker personally for her unpaid 1988 federal employment tax liability, which was not discharged in bankruptcy. (*Id*.) The United States argues that under federal law, if a taxpayer fails to pay any assessed tax liability, the amount of the liability shall be a lien in favor of the United States on all of the taxpayer's property and rights to property, whether real or personal. (*Id*.) The lien arises at the time an assessment is made and continues until liability is satisfied or becomes unenforceable by reason of lapse of time. (*Id*.) The United States contends that once a federal tax lien attaches to a taxpayer's property, the lien is entitled to priority over all competing claims to the property, unless otherwise provided by federal law. (*Id*., p. 8.) The federal tax liens for Tucker's unpaid federal income tax liability are entitled to priority over the liens of the MSTC, according to the United States. (*Id*.)

The City of Ocean Springs, Mississippi, [City] sold the Tucker residence to Hounds, Inc., [Hounds] on August 27, 2003, to collect Tucker's unpaid *ad valorem* taxes for fiscal year 2000. (Ct. R., Docs. 5,9, p. 2.) Hounds has not responded to the complaint in this action. (Ct. R., Doc. 22.) The United States contends that the federal tax liens also have priority over the claims of Hounds. (*Id*.) The federal tax liens securing Tucker's federal income tax liability were recorded in 1991, prior to the 1993 purchase of the property by Hounds. (Ct. R., Doc. 21, p. 9.)

As of the dates of assessment, the unpaid balance of Tucker's federal income tax liability, totaled $178,460.67, plus interest and statutory additions as provided by law. (*Id*.) The United States asserts that Tucker does not dispute the validity or amount of the tax assessments. (*Id*.) The United States agrees with Tucker that the federal tax liens securing Tucker's federal income tax liability constitute *in rem* liability only. (*Id*.) Tucker conceded that the federal tax liens survived her personal bankruptcy discharge and continue to encumber her residence as property

exempted from her bankruptcy estate. (*Id*.) The United States maintains that it is entitled to foreclose its federal tax liens securing Tucker's federal income tax liability against her residence. (*Id*.) The United States seeks an order to sell the property at public auction, and after payment of the expenses of sale and any outstanding *ad valorem* taxes to Jackson County, Mississippi, if any, to pay the remaining proceeds toward Tucker's federal income tax liability for the tax years 1987-1990, inclusive. (*Id*., pp. 9-10.)

Regarding Tucker's federal employment tax liability for the quarter ending December 1988, the United States asserts that it is entitled to a personal judgment against Tucker. (*Id*., p. 10.) According to the United States, Tucker brought forward no facts to overcome the presumption raised by the tax assessment, thus entitling the United States to a judgment against her for $2,638.33, the amount of her unpaid employment tax computed through March 25, 2005, plus statutory additions accruing from that date until entry of judgment and pursuant to law. (*Id*.)

The MSTC answered the motion for summary judgment in agreement with the United States' position in this case in regard to the foreclosure on the Tucker property and payment of Tucker's federal income tax liability. (Ct. R., Doc. 26.) The MSTC seeks to have any remaining proceeds entered into the registry of the court for disbursement pursuant to the Court's determination of the priorities of the liens and claims of other lien holders, if any, in this case. (*Id*.)

The United States also filed a motion for Order of Sale of the Tucker property. (Ct. R., Doc. 27.) No response is available from any of the Defendants, other than the MSTC. (Ct. R.) In fact, the United States sought entry of default against the City and Hounds, because these two

Defendants have not answered the complaint in this case, although each Defendant acknowledged service of process. (Ct. R., Doc. 22.)

### Discussion

Summary judgment should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the record, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Should the moving party fail to meet this initial burden, the motion must be denied, regardless of the non-movant's response, if any. *Tubacex, Inc. v. M/V Risan,* 45 F.3d 951, 954 (5th Cir. 1995).

If the movant meets its burden, however, then the party opposing the motion must present affirmative evidence to defeat the motion beyond the pleadings and designate specific facts showing there is a genuine issue for trial. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 248-9 (1986). If the non-movant does not meet this burden, then summary judgment is appropriate. *Tubacex,* 45 F.3d at 954. The Court views the facts and inferences in the light most favorable to the party opposing the motion. *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003).

I.  Validity of United States' Liens

The general tax lien arises under 26 U.S.C. § 6321 when the taxpayer fails to pay a federal tax liability, after assessment and notice are given and demand upon the taxpayer is made. *See Harris v. United States,* 764 F.2d 1126, 1128 (5th Cir. 1985); 26 U.S.C. §§ 6321-2. Under

26 U.S.C. § 6321, a lien is imposed in favor of the United States on all property and rights to property, real or personal, of a person when an assessment and demand for the payment of the person's liability for taxes has been made and the taxpayer fails to pay the amount assessed. *United States v. Park Towers, Inc*., 8 F.3d 306, 310-11 (5th Cir. 1993); 26 U.S.C. § 7403.  To perfect the lien against real property, a notice of federal tax lien must be filed in the real property records of the county where the property is located.  26 U.S.C. § 6323(f)(1)(A)(I) and (2)(A). The lien continues until the taxpayer satisfies the debt or the statute of limitations runs.  *See* 26 U.S.C. § 6322; *United States v. Wilkes,* 946 F.2d 1143 (5th Cir. 1991); *Texas Commerce Bank-Fort Worth v. United States,* 896 F.2d 152, 161 (5th Cir. 1990) (citations omitted).

In this case, the United States set out the dates of the assessments; alleged that it had given notice of the assessments, demanded payment and filed notice of its lien; and stated that it was seeking foreclosure of its tax lien. (Ct. R., Doc. 20, Exhs. A-L.)  The notices of lien were filed on Form 668(y)(c) and the certificates of assessments and payments with respect to Samuel L. and Marion Tucker were submitted on Form 2866.  (*Id*.)  Form 2866 is admissible as a self-authenticating domestic public document under Federal Rule of Evidence 902(1) because it is certified under seal.  *See* FED. R. EVID. 803(8) and 902(1), (4); *see also Hughes v. United States,* 953 F.2d 531, 539-40 (9th Cir. 1992).  In addition, Form 2866 properly certifies the attached Form 4340, which is itself admissible.  *Perez v. United States,* 312 F.3d 191, 195 (5th Cir. 2002) (citing *McCarty v. United States,* 929 F.2d 1085, 1089 (5th Cir. 1991)).  Finally, Form 4340 is valid evidence of a taxpayer's assessed liabilities and the IRS's notice of that assessment. *McCarty,* 929 F.2d at 1089.

Accordingly, the United States complied with the requirements to perfect its liens, and the Defendants have failed to point the Court to any evidence which would create a genuine issue of material fact concerning the validity of those liens. The Court, therefore, finds that the United States is entitled to summary judgment that its liens on the Jamaica Drive property are valid. *United States v. Blakeman*, 997 F.2d 1084, 1088 (5th Cir. 1992).

Once a federal tax lien attaches to a taxpayer's property, the lien is entitled to priority over all competing claims to the property, unless otherwise provided by federal law. *United States v. City of New Britain*, 347 U.S. 81 (1954); *Rice Inv. Co. v. United States*, 625 F.2d 565 (5th Cir. 1980). The question of whether and to what extent a taxpayer has "property" or "rights to property" to which the tax lien attaches is determined under the applicable state law. *United States v. Rodgers,* 461 U.S. 677, 683 (1983); *Drye v. United States,* 528 U.S. 49, 58 (1999) (look to state law to determine what rights the taxpayer has in the property the United States seeks to reach, then to federal law to determine whether the taxpayer's state-delineated rights qualify as property or rights to property within the compass of federal tax lien legislation.) It is undisputed in this case that Tucker owned, or had rights to, the subject property to which the federal tax liens attached. (Ct. R., Doc. 14, p. 2.)

Once the court determines under state law that the taxpayer owns property or rights to property, federal law controls for the purpose of determining whether an attached tax lien has priority over competing liens asserted against the taxpayer's property. *Rodgers,* 461 U.S. at 683. To determine whether the IRS' federal tax liens enjoy priority over the interests of Hounds, the Court must apply the common law principle of "the first in time is the first in right." *United States v. McDermott,* 507 U.S. 447 (1993). The uncontroverted evidence demonstrates that the

IRS refiled its Notices on April 25, 2001, May 28, 2001, and December 3, 2001. (Ct. R., Doc. 20, Exhs. J-L.) Hounds did not file its deed until August 27, 2003. (Ct. R., Doc. 9, Exh. 1.) Thus, the federal tax liens have priority over Hounds' subsequently filed deed. *See Prewitt v. United States,* 792 F.2d 1353, 1359 (5th Cir. 1986) (tax lien filed before divorce decree filed had priority over intervening purchaser). The federal tax liens attached to Tucker's property, both real and personal on or before August 27, 2003; therefore, Hounds purchased the Property subject to the federal tax liens. *United States v. Bess,* 357 U.S. 51, 57 (1958) (transfer of property after attachment of tax lien has no affect on lien). Pursuant to 26 U.S.C. § 6332, any person or entity in possession of property which is the subject of an IRS lien, must surrender that property to the IRS, thereby allowing the IRS to obtain the property from Hounds. *See Moffett v. Jones County Junior College*, (Miss. App. 2001). The Court finds that summary judgment is granted regarding the superiority of the United States' liens.

II.     Tucker's Federal Employment Tax Liability

The United States has moved for summary judgment against Tucker, asserting that it is entitled as a matter of law to reduce to judgment Tucker's personal liability for federal employment tax liability for the quarter ending December 1988. Tucker does not dispute the liability of the outstanding federal tax debt.

Federal law requires employers to withhold from their employees' paychecks the employees' share of federal social security and income taxes. *See* 26 U.S.C. §§ 3102, 3402. The employer holds the withheld taxes "in trust" for the United States and must timely remit those taxes as prescribed by law. If the employer withholds the taxes but fails to remit them, the United States seeks the unpaid funds from the employer. "Section 6672(a) imposes [personal]

liability for the unremitted funds on any person who is required to collect, truthfully account for, and pay over the tax, but who willfully fails to do so." *Siquieros v. United States,* 2004 WL 2011367 at * 6 (W.D. Tex. July 27, 2004) (citing 26 U.S.C. §§ 6672(a)).

Tucker failed to file affidavits or other documentation which would show that the IRS assessments for the tax quarter ending December 1988 are inaccurate. The Court must presume the correctness of the IRS determination of taxes owed. *Cummings v. Commissioner,* 410 F.2d 675, 679 (5th Cir. 1969) (citing *Welch v. Helvering,* 290 U.S. 111 (1933)). A Certificate of Assessments and Payments, such as that contained in Exhibit D of court document 20, is presumptive proof of a valid assessment. *Mersel v. United States,* 420 F.2d 517, 1018 (5th Cir. 1970). The burden is on the taxpayer to show that the assessments were arbitrary or erroneous. *Bar L Ranch, Inc. v. Phinney,* 426 F.2d 995, 998-9 (5th Cir. 1970). Tucker has offered no evidence to show the assessments were made in error. Consequently, she has failed to raise any genuine issue of material fact regarding the propriety of the $2,638.88 tax assessment, plus statutory additions accruing from March 25, 2005, until entry of judgment and thereafter under the law. The Court concludes that the United States is entitled to summary judgment against Tucker personally in the amount of her unpaid employment tax for the quarter ending December 1988, as computed through March 25, 2005, plus the amount of the statutory additions and interest to which the United States may be entitled. The United States is directed to submit a proposed judgment for the amount within ten days of the entry date of the order in this cause.

<u>Conclusion</u>

For the reasons set forth above, this Court finds that the United States' motion for summary judgment [20-1] should be granted. The Court further finds that the United States'

motion for sale [27-1] should also be granted.  In addition, the United States is directed to submit an order for sale of Tucker's Jamaica Drive residence and a proposed judgment for the amount of Tucker's unpaid employment tax for the quarter ending December 1988, as computed through March 25, 2005, plus the amount of the statutory additions and interest to which the United States may be entitled within ten days of the entry date of the summary judgment in this case, or by no later than March 28, 2006.   A separate summary judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs associated with these motions.

   THIS the 14th day of March, 2006.

                    *Walter J. Gex III*
                  UNITED STATES SENIOR DISTRICT JUDGE